IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,          :
                                   :
                Plaintiff,         :
          v.                       :      Criminal Action No.  01-83-JJF
                                   :
JOSEPH NICOLELLA,                  :
                                   :
                Defendant.         :

_____

Colm F. Connolly,  Esquire,  United States Attorney,  and April
M. Byrd, Esquire,  Assistant United States Attorney of the Office
of the United States Attorney,  Wilmington, Delaware.
Attorneys for the Plaintiff.

Joseph Nicolella, <u>Pro</u> <u>Se</u> Defendant

_____

**<u>MEMORANDUM OPINION</u>**

June _8_, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is a Motion For The Return Of Unlawfully Seized Property Pursuant To Rule 41(e) Of Federal Rules Of Criminal Procedure (D.I 37) filed by Defendant, Joseph Nicolella.[1]  For the reasons discussed, the Court will deny the Motion.

## I. BACKGROUND

On July 23, 2001, an officer of the Delaware State Police initiated a traffic stop of Defendant's vehicle.  Defendant was arrested for violations of the Motor Vehicle Code.  The officer on the scene conducted an inventory search of Defendant's impounded vehicle and seized contraband and $2,800 located in the glove compartment of the vehicle.  On February 12, 2002, Defendant was indicted on charges of possession with the intent to distribute cocaine and methamphetamine in violation of 21 U.S.C. § 841 (D.I. 14).

By previous Memorandum Opinion and Order, the Court concluded that Defendant's arrest violated his rights under the Fourth Amendment, and the Court granted Defendant's motion to suppress evidence that had been obtained during the unlawful

---

[1]    In 2002, Fed. R. Crim. P. 41(e) was amended. The rule governing Defendant's Motion is now designated as Fed. R. Crim. P. 41(g).

search pursuant to Rule 41(h) of the Federal Rules of Criminal
Procedure (D.I. 31).  Thereafter, the Government moved to
dismiss the indictments against Defendant, and the Court granted
the motions (D.I. 33; 34).

By the instant Motion, Defendant requests the Court to order
the Government to return the $2,800 in U.S. currency that was
seized during the illegal search of his vehicle pursuant to Rule
41(g) of the Federal Rules of Criminal Procedure (D.I. 37).  In
response to Defendant's Rule 41(g) Motion, the Government admits
that a law enforcement officer from the Delaware State Police
confiscated $2,800 from Defendant; however, the Government
contends that it cannot be compelled to return the property
because it is not in the custody or control of the federal
Government (D.I. 41).

## II. DISCUSSION

In pertinent part, Rule 41(g) provides that "a person
aggrieved by an unlawful search and seizure of property or by the
deprivation of property may move for the property's return."
Fed. R. Civ. P. 41(g).  A Rule 41(g) motion must be filed in the
district court where the property was unlawfully seized.

When the Government seizes property for use in an
investigation or trial the property must be returned once
criminal proceedings have concluded, unless it is contraband or

2

subject to forfeiture.  United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999).  After criminal proceedings have concluded, the individual from whom the property was seized is presumed to have a right to its return, and the burden rests with the Government to prove it has a legitimate reason to retain the seized property.  United States v. Albinson, 356 F.3d 278, 280 (3d Cir. 2004).  To defeat a defendant's motion for return of property, the Government cannot claim without documentary support that it no longer possesses the property or that the property has been destroyed or given to a third party.  Id. at 281.  If the Government claims it no longer possesses the property at issue, the Court must determine whether the property is, in fact, in possession of the Government; and if not, then what happened to the property.  Id.  The Court may be required to conduct an evidentiary hearing to make these determinations; however, affidavits or other documentary evidence may be sufficient to support the Court's findings.  Albinson, 356 F.3d at 282.

After reviewing the record and the parties' arguments in this case, the Court concludes that the United States has demonstrated that it does not have possession of Defendant's property.  Documentary evidence submitted by the federal Government indicates that the United States is not in possession of Defendant's property, and in fact, the property has been

3

disposed of pursuant to the forfeiture laws of the State of Delaware.  A request for return of property is appropriately denied when the property in dispute has been forfeited under state law.  See United States v. Fitzen, 80 F.3d 387, 388 (9th Cir. 1996).  Furthermore, there is no evidence in the record indicating the United States was ever in possession of Defendant's property.  Instead, the record shows that the property was seized by an officer acting in his official capacity as a Delaware State Trooper and kept in the custody of the Delaware State Police until it was forfeited by the State. Because the federal Government was not in possession of Defendant's property when Defendant's Motion was filed, the Court cannot order the federal Government to return it.  United States v. Solis, 108 F.3d 722, 723 (7th Cir. 1997).

Having determined that the federal Government is not in possession of Defendant's property and the property has been forfeited by the State of Delaware, the Court must next consider whether Defendant is entitled to any damages from the federal Government as a result of the disposal of his property.  The Court of Appeals for the Third Circuit has concluded that sovereign immunity precludes an award of monetary damages against the Government in the context of a Rule 41(g) motion.  United States v. Bein, 214 F.3d 408, 414-415 (3d Cir. 2000).

4

Accordingly, the Court concludes that Defendant is not entitled to relief in the form of monetary damages.

**III. CONCLUSION**

For the reasons discussed, the Court will deny Defendant's Motion For The Return Of Unlawfully Seized Property.

An appropriate Order will be entered.